UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4325

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT CRAIG VARNIM,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., District
Judge.  (CR-03-534-GRA)

Submitted:  November 9, 2005          Decided:  December 1, 2005

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort,
South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert C. Varnim appeals his sentence of forty-six months' imprisonment following his guilty plea to one count of robbery, in violation of 18 U.S.C. § 2113(a) (2000). Varnim's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues, but questioning whether, under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), Varnim's sentence was properly calculated by the district court's inclusion of an uncounseled 1996 sentence for "Criminal Domestic Violence" in determining Varnim's criminal history.[*] We affirm.

As Varnim raises this issue for the first time on appeal, review is for plain error. United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). To establish that a Sixth Amendment error occurred during sentencing, a defendant who entered a guilty plea must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted. Id. However, this court has recognized an exception to the general rule in that a district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury. See United States v. Thompson, 421 F.3d 278, 282, 283-86 (4th Cir. 2005), petition for

---

[*]Varnim was notified of his opportunity to file a pro se supplemental brief, but did not do so.

<u>cert. filed</u>, ___ U.S.L.W. ___ (U.S. Oct. 25, 2005) (No. 05-7266). Such enhancement will not constitute Sixth Amendment error if the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it." <u>Id.</u> at 283.

Varnim objects to the inclusion of a 1996 sentence for "Criminal Domestic Violence" in the computation of his criminal history. In its simple form, this crime constitutes a misdemeanor punishable by a fine of up to $500 or imprisonment for "not more than thirty days." S.C. Code Ann. § 16-25-30 (Law. Co-op. 2003). The background note to USSG § 4A1.2 specifically allows the inclusion of uncounseled misdemeanor offenses to the criminal history computation "where imprisonment was not imposed." This commentary is consistent with caselaw interpreting the validity of uncounseled misdemeanor offenses. <u>See</u> <u>Alabama v. Shelton</u>, 535 U.S. 654, 662 (2002) (concluding the Sixth Amendment does not allow an uncounseled misdemeanor conviction which "end[s] up in the actual deprivation of a person's liberty"); <u>Scott v. Illinois</u>, 440 U.S. 367, 373-74 (1979) (holding an uncounseled misdemeanor conviction was valid only if fine was imposed in lieu of incarceration).

Nevertheless, Varnim does not contest any facts about his prior convictions. When the facts about the prior convictions are undisputed, there is no Sixth Amendment error in utilizing the prior convictions to enhance a sentence. <u>See</u> <u>Thompson</u>, 421 F.3d at 283; <u>see</u> <u>also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th

- 3 -

Cir. 2005) (finding no Sixth Amendment error in utilizing prior convictions to enhance sentence when facts about prior convictions are undisputed), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 3, 2005) (No. 05-6904); United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (finding that when nature of prior conviction is undisputed, the court makes no factual findings in determining conviction was crime of violence or controlled substance offense). Accordingly, we find that Varnim's argument is without merit.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Varnim's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -